UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE CALDWELL,            )<br>   Plaintiff,                           )<br>                                          )<br>vs.                                     )        Case No. 22-2112<br>                                          )<br>JULIA REITZ and DANIEL WALSH,  )<br>   Defendants.                      ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified two Defendants: Champaign County States Attorney Julia Reitz and Sheriff Daniel Walsh. Plaintiff's complaint is one paragraph stating he was arrested and incarcerated from February 28, 2019, until August 28, 2020 until he was acquitted of all charges. Plaintiff says he is filing his complaint based on false arrest and false imprisonment. In addition, Plaintiff says he was also exposed to a "dangerous and stressful environment" with "inhumane conditions" including a "vermin infestation, inoperable plumbing, vermin feces, mold, asbestos, inadequate ventilation." (Comp, p. 5).

There are several problems with Plaintiff's complaint. To state a claim for false arrest, a plaintiff must allege facts indicating he was arrested without probable case. *See Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir.2007). Therefore, "he must give some information about the circumstances of the arrest suggesting that he was arrested without probable cause. Merely asserting that he did not commit the offense and/or that a jury found him not guilty does not speak to the issue whether the arresting officers had probable cause to arrest him." *Shaw v. Chicago Police Dept.*, 2012 WL 5049124, at *2 (N.D.Ill Oct. 17,2012), *citing Parish v. City of Elkhart,* 614 F.3d 677, 681–82 (7th Cir.2010).

Plaintiff does not clearly state either Defendant was involved in his arrest. However, prosecutors such as a States Attorney are immune from suit when carrying out prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process); *See also Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.").

Plaintiff also alleges he faced unconstitutional living conditions in the Champaign County Jail. However, Plaintiff cannot combine unrelated claims against different defendants in one lawsuit. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Therefore, if the

2

Sheriff was not directly involved in Plaintiff's arrest, Plaintiff cannot combine claims alleging false arrest against one individual with his claims about jail living conditions against another defendant. Instead, Plaintiff would need to file two separate lawsuits and pay two separate fees.

Plaintiff also does not mention the Sheriff in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them). Plaintiff should clearly state whether he complained about any of the living conditions or clarify how the Sheriff was aware of the claimed conditions at the jail.

Finally, the Court notes Plaintiff has indicated he has not exhausted his administrative remedies because his case pertains "to arrest and imprisonment, nothing in which I can grieve." (Comp, p. 4). Plaintiff is mistaken. While he could not grieve his arrest, Plaintiff would be required to use any grievance system at the Champaign County Jail pertaining to his living conditions before he filed a complaint in Federal Court. See 28 U.S.C §1997e(a).

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Federal Rules of Civil Procedure 8, 18, and 20. If Plaintiff believes he can cure any of the noted deficiencies, he may file an amended complaint.

The Plaintiff's Motion for Appointment of Counsel is also denied until Plaintiff has clarified his claim. [4]. Plaintiff is also advised in considering a motion for counsel, the Court first asks, "has the indigent plaintiff made a reasonable attempt to obtain

counsel or been effectively precluded from doing so?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated he has made any attempt to find counsel on his own such as a list of attorneys contacted. or copies of letters sent or received. Plaintiff should include this information in any future motion.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Federal Rules of Civil Procedure 8, 18, and 20.

2) If Plaintiff believes he can cure the noted deficiencies in his pleading, he may file an amended complaint on or before 11/2/2022. If Plaintiff fails to take any action by the deadline, his case will be dismissed

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [4]

4) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days.

Entered this 12th day of October, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE